# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

JAMMU INC.; KARAMBIR JAMMU; and NIMERTA JAMMU,

     Plaintiffs,

v.

QFA ROYALTIES LLC; QUIZNO'S FRANCHISING II LLC; QCE FINANCE LLC f/k/a QCE PARENT LLC; THE QUIZNO'S MASTER LLC; QIP HOLDER LLC; TQSC II LLC f/k/a TQSC LLC; QCE HOLDING LLC; QZ FINANCE LLC; QCE INCENTIVE LLC; QCE LLC; QUIZNOS FINANCE LLC; QAFT, INC.; AMERICAN FOOD DISTRIBUTORS LLC; SOURCE ONE DISTRIBUTION LLC f/k/a NATIONAL RESTAURANT SUPPLY DISTRIBUTION LLC; S&S EQUIPMENT COMPANY LLC; BA-BING! LLC f/k/a SOURCE ONE SYSTEMS LLC; CHAIN MANAGEMENT SYSTEMS LLC; KINETIC SOURCING SOLUTIONS LLC f/k/a U.S. FULFILLMENT LLC; CONTINENTAL LENDING GROUP LLC; CLG LEASING LLC; THE CERVANTES HOLDING COMPANY; CERVANTES CAPITAL LLC; CERVANTES MASTER LLC; RICHARD E. SCHADEN; RICHARD F. SCHADEN; PATRICK E. MEYERS; STEVEN B. SHAFFER; AVENUE CAPITAL GROUP, LLC; SYSTEM SERVICES OF AMERICA, INC. f/k/a McCABE'S QUALITY FOODS, INC.; SERVICES GROUP OF AMERICA, INC.; MCLANE COMPANY, INC.; FOOD PERFORMANCE GROUP, INC.; VISTAR CORPORATION; and JOHN DOES 1–50,

     Defendants.

## NOTICE OF REMOVAL

Defendant Patrick E. Meyers, through his attorneys, respectfully files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 & 1446 and D.C.COLO.LCivR 81.1, and removes to this Court the action known as *Jammu, Inc., et al. v. QFA Royalties LLC, et al.*, previously filed as Case No. 2012CV7606 in the District Court for the City and County of Denver, Colorado. In support of removal, Meyers states as follows:

## PROCEDURAL BACKGROUND

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, and involves a substantial federal question, in accordance with *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).  *See also Ayres v. Gen. Motors Corp.*, 234 F.3d 514 (11th Cir. 2000).

2. Plaintiffs filed their Complaint in the above-titled action in the District Court for the City and County of Denver, Colorado ("Denver District Court"), on December 19, 2012.

3. Plaintiffs personally served a copy of the Summons and Complaint on Defendant Patrick Meyers at his home on January 2, 2013.  This Notice of Removal is timely under 28 U.S.C. § 1446(b)(2) because it is being filed within thirty days after receipt of the Summons and Complaint by Meyers.

4. Undersigned counsel is authorized to state that all Defendants who have been served consent to removal.  "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."  28 U.S.C. § 1446(b)(2)(C).

## DISCUSSION

5. Removal is proper under 28 U.S.C. § 1441(a) because this Court has original and supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

6. Although the Plaintiffs' Complaint does not explicitly assert a federal cause of action, this Court has jurisdiction because Plaintiffs' state law claims raise substantial federal

questions. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).

7.  Plaintiffs are current or former Quiznos franchisees.  This action arises out of their franchise relationship with Quiznos.  Having failed to make as much money as they hoped in their businesses running Quiznos branded restaurants, Plaintiffs now sue nearly everyone associated with the Quiznos franchise system, including not only the franchisor, but also its current and former affiliates, owners, members, officers, directors, employees, and third party distributors.  Plaintiffs' 88-page single spaced state court Complaint challenges numerous aspects of the Quiznos franchise system, including franchise sales, support, couponing, and marketing practices, as well as the supply of items to franchisees.

8.  Plaintiffs claim Defendants engaged in "a fraudulent scheme based on deceptive and illegal business practices."  (Compl. ¶ 1.)  Though divided into 28 causes of action, all of Plaintiffs' claims tie back to this purported overarching (and nonexistent) "fraudulent scheme." (*Id.* ¶¶ 2-7.)  Plaintiffs allege several "primary components" of this purported integrated "scheme," including Plaintiffs' claim that Quiznos fraudulently induced new franchisees to buy franchises, and then imposed hidden markups on the food, paper, and supplies franchisees were contractually required to buy for their restaurants, and then fraudulently transferred the profits from such alleged hidden marks.  (*Id.*)

9.  Underlying essentially all of Plaintiffs' claims is their allegation that the Uniform Offering Circular ("UFOC") Quiznos provided to Plaintiffs misrepresented or omitted information concerning the benefits derived by Quiznos from supply contracts it entered to. (*See*, *e.g.*, Compl. ¶¶ 4, 272, 294, 299.)

10. The sale of franchises is regulated by the Federal Trade Commission ("FTC"). The FTC's Franchise Rule is codified at 16 C.F.R. § 436 and sets forth disclosure requirements applicable to non-exempt franchise sales. The purpose of the FTC's Franchise Rule is to facilitate informed decisions and to prevent deception in the sale of franchises by requiring franchisors to provide prospective franchisees with material information prior to the sale. The disclosure document mandated by the FTC Franchise Rule used to be called a Uniform Franchise Offering Circular ("UFOC") and is now called a Franchise Disclosure Document ("FDD"). The FTC's Franchise Rule sets forth what must be included in the UFOC (now FDD) and prohibits a franchisor from including certain additional information and disclosures in the UFOC (and now FDD).

11. The FTC Franchise Rule has the force and effect of law. Violation of the FTC Franchise Rule constitutes a violation of the FTC Act, 15 U.S.C. §§ 41-58. The FTC can sue franchisors in federal court for violations of the FTC Franchise Rule. *See*, *e.g.*, *F.T.C. v. Minuteman Press*, 53 F.Supp.2d 248, 258 (S.D.N.Y. 1998). In such federal actions, the FTC can seek substantial civil penalties and injunctions enjoining violations of the FTC Franchise Rule. 15 U.S.C. §§ 45(m) & 53(b).

12. Quiznos made the disclosures required by the FTC. Plaintiffs admit they received a copy of Quiznos' UFOC or FDD. (Compl. ¶¶ 216, 224.)

13. Not only do they admit receiving and reviewing the UFOC or FDD, Plaintiffs base their claims on it. One of Plaintiffs' main accusations—the initial purported "primary component" of the Quiznos' alleged grand scheme—is that "Quiznos aggressively signed up new franchisees" through various fraudulent misrepresentations and material omissions in the UFOC.

(Compl. ¶ 4.) Plaintiffs claim Quiznos' "most egregious lies" came in "Quiznos' federally-mandated Uniform Franchise Offering Circulars." (*Id.* ¶¶ 4, 272.) These allegations regarding Quiznos' pre-sale disclosures, including specifically the contents of the UFOC, are central to Plaintiffs' various accusations. (*See*, *e.g.*, *id.* ¶¶ 4, 216-219, 223-224, 272-275, 294, 298-299.) Plaintiffs reference Quiznos' UFOC, either directly or by specific incorporation of earlier sections, in nearly all of their 28 causes of action.

14. Any challenge to the quality of Quiznos' pre-sale disclosures, complaints regarding the UFOC or FDD, and claims that Quiznos failed to disclose material information implicates federal law. For example, any claim that Quiznos failed to disclose material information to prospective franchisees requires an analysis of the FTC Franchise Rule, which describes materiality in this context and governs what a franchisor can, and cannot, say to prospective franchisees.

15. Among other claims, Plaintiffs claim Defendants' purported scheme, including distribution of its allegedly misleading UFOC, violated the Colorado Organized Crime Control Act ("COCCA"), Colo. Rev. Stat. §§ 18-17-101, *et seq.*, the state equivalent to the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act. Like a federal RICO claim, a COCCA claim requires proof of a pattern of racketeering activity; that is, a pattern of predicate acts. As the alleged predicate acts, Plaintiffs claim Defendants committed several federal crimes, including mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 & 1343, federal bank fraud in violation of 18 U.S.C. § 1344, unlawful monetary transactions in violation of 18 U.S.C. § 1957, and illegal sale, receipt, or transportation of stolen goods or money in violation of 18 U.S.C. §§ 2314 & 2315. (Compl. ¶¶ 367, 378.)

16.     An essential element of Plaintiffs' COCCA claims is proof that Defendants committed federal mail fraud, wire fraud, or other federal crimes.  Because Plaintiffs' COCCA claims are dependent upon proof of violations of federal law, those claims raise substantial federal questions justifying removal in this case.

17.     Further, Plaintiffs' challenges to Quiznos' pre-sale disclosures (including the contents of the UFOC) form a substantial basis of the predicate acts of federal law violations in support of their COCCA claims.  In support of their allegations that Defendants committed the federal crimes of mail or wire fraud, Plaintiffs specifically claim "[t]he UFOCs, FDDs, and franchise agreements were distributed via United States mail."  (Compl. ¶ 399.)  Plaintiffs further claim certain Defendants "made and received telephone calls to and from prospective purchasers in which fraudulent misrepresentations or omissions were perpetuated in order to induce entry into franchise agreements."  (*Id.*)

18.     Plaintiffs' second COCCA claim depends upon the interaction between the federal mail and wire fraud statutes and the FTC Franchise Rule.  This claim implicates and will require analysis of (1) whether Defendants violated the FTC Franchise Rule, and in turn the FTC Act; and (2) if so, whether such violations of the FTC Franchise Rule can constitute federal mail or wire fraud.  Indeed, Plaintiffs are attempting to improperly side-step the fact that there is no private cause of action for a violation of the FTC Franchise Rule through the assertion that the alleged violation of that rule is the basis for the predicate acts supporting the COCCA claim (as well as the common law fraud claim).  These federal questions are substantial enough to confer federal question jurisdiction.

19. Plaintiffs further claim that some Defendants violated other federal laws, including the Perishable Agricultural Commodities Act, 7 U.S.C. § 499. (Compl. ¶¶ 370, 392, 484, 491.)

20. Where, as here, state law claims involve the interaction of two federal statutes, federal jurisdiction is necessitated and removal is appropriate.

21. In addition to having original jurisdiction over Plaintiffs COCCA claims under 28 U.S.C. § 1331, this Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over all other claims asserted by Plaintiffs in this case. All the claims are intertwined and arise out of the same alleged transactions and occurrences. According to the Complaint, Defendants' various alleged misconduct was all part of the same, overarching common "fraudulent scheme," of which Quiznos' pre-sale disclosures and omissions in the UFOC or FDD were a "primary component." (Comp. ¶¶ 2-7.) All of Plaintiffs' causes of action involve various "components" of this purported fraudulent scheme. Therefore, as described by the Plaintiffs' Complaint, all claims are so related that they form part of the same case or controversy under Article III. Thus, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over all claims.

22. Meyers is removing this action without waiving any of Defendants' rights, claims, counterclaims, or defenses, including enforcement of the arbitration provision contained in the Franchise Agreement.

23. Copies of all process, pleadings, and orders served upon Meyers in this case to date are attached pursuant to 28 U.S.C. § 1446(a).

24. Pursuant to D.C.COLO.LCivR 81.1(C), Meyers states that no hearings are currently set in the state court.

25. Promptly upon filing this Notice of Removal, Meyers will provide a true copy of this Notice of Removal to all parties pursuant to 28 U.S.C. § 1446(d).[1]

26. Promptly upon filing this Notice of Removal, Meyers will file a Notification of Notice of Removal with the Clerk of the District Court for the City & County of Denver, as required by 28 U.S.C. § 1446(d).

WHEREFORE, pursuant to 28 U.S.C. §§ 1441(a) & 1446, Defendant Meyers removes this action from the Denver District Court to this Court.

Respectfully submitted this 31st day of January, 2013.

> *s/ Leonard H. MacPhee*
> Leonard H. MacPhee
> Jess A. Dance
> Perkins Coie LLP
> 1900 Sixteenth Street, Suite 1400
> Denver, CO 80202
> Telephone:  (303) 291-2300
> Facsimile:  (303) 291-2400
> Email:   lmacphee@perkinscoie.com
>          jdance@perkinscoie.com
>
> Of Counsel
> Bruce Bennett
> Christopher Lovrien
> JONES DAY
> 555 South Flower Street
> Fiftieth Floor
> Los Angeles, CA  90071-2300
> Telephone:  (213) 489-3939
> Facsimile:  (213) 243-2539
> Email:   bbennett@jonesday.com
>          cjlovrien@jonesday.com
> **Attorney for Defendant Patrick E. Meyers**

---

[1] Defendant Meyers does so through Plaintiffs' counsel of record, Jeffrey Cohen and Ballard Spahr LLP. However, Defendant Meyers provides this required notice to said counsel without waiver—and expressly subject to—Defendants' right to move to disqualify Jeffrey Cohen and Ballard Spahr because of impermissible conflicts of interest under the rules and requirements of Professional Responsibility, including the Colorado Professional Rules of Conduct 1.9 and 1.10, among others.

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and will email the foregoing to the following e-mail addresses:

- Jeffrey Cohen
  cohenj@ballardspahr.com

> *s/ Leonard H. MacPhee*
> Leonard H. MacPhee
> Attorney for Defendant Patrick E. Meyers
> Perkins Coie LLP
> 1900 Sixteenth Street, Suite 1400
> Denver, CO 80202
> Telephone:  (303) 291-2300
> Facsimile:  (303) 291-2400
> Email: lmacphee@perkinscoie.com

LEGAL25705790.1

9